# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**Alvin Chambers,**

    **Petitioner,**

**v. // CIVIL ACTION NO. 1:12CV82**
                                    **(Judge Keeley)**

**Warden David Ballard**

    **Respondent.**

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

### I.

On May 10, 2012, the pro se petitioner, Alvin Chambers ("Chambers"), filed a petition pursuant to 28 U.S.C. § 2254. The Court referred this matter to United States Magistrate Judge David J. Joel for initial screening and a report and recommendation ("R&R") in accordance with LR PL P 2. Five days later, the magistrate judge issued Chambers a notice of deficient pleading (dkt. no. 7). On June 1, 2012, Chambers re-filed his petition on the court-approved form provided by the Clerk of Court. (Dkt. No. 9). The magistrate judge then issued respondent Warden David Ballard ("Ballard") an order to show cause why Chambers' petition should not be granted. (Dkt. No. 13). On August 2, 2012, Ballard moved for summary judgment on Chambers' petition,[1] (dkt. no. 26) and Chambers responded (dkt. no. 38) following the issuance of a

---

[1] On July 9, 2012, Chambers moved to amend his petition. (Dkt. No. 22). The magistrate judge granted the motion to amend on August 20, 2012. (Dkt. No. 31).

Roseboro notice on August 20, 2012 (dkt. no. 29).

On January 15, 2013, the magistrate judge issued an Opinion and R&R, in which he recommended that Ballard's § 2254 petition be denied and dismissed with prejudice. (Dkt. No. 39). The magistrate judge determined that some of Ballard's claims were not properly before this Court because they alleged violations of state law, see Wilson v. Corcoran, 131 S.Ct. 13, 16 (2010) (per curiam) (citing 28 U.S.C. § 2254(a)), while his other claims failed to satisfy the searching standard of review mandated by § 2254(d)(1). See Williams v. Taylor, 529 U.S. 362 (2000) (to obtain relief under § 2254, the petitioner "must first demonstrate that his case satisfies the condition set by § 2254(d)(1)"). Chambers filed an objection to the R&R on January 30, 2013, to which the Court now turns. (Dkt. No. 39).

**B.**

The Court is obligated to conduct a de novo review of portions of the magistrate judge's report to which objections have been filed. 28 U.S.C. § 636(b)(1). Chambers lodged a specific objection to just one of the magistrate judge's recommendations: dismissal of his claim for relief based upon the state habeas judge's entry of a nunc pro tunc order correcting a clerical mistake in the habeas order. (Dkt. No. 42).

Chambers' objection stems from his habeas proceeding in the

Circuit Court of Webster County, West Virginia. In an order dated December 12, 2007 (dkt. no. 26-9), the state habeas court incorrectly stated that two groupings of separate counts of Chambers' conviction were to run concurrently, rather than consecutively, an error that Chambers maintains effectively halved his sentence.[2] On April 28, 2009, the state habeas judge issued an amended order denying habeas relief (dkt. no. 26-10), and corrected its misstatement as to the concurrent nature of Chambers' sentence.

Chambers appealed the amended habeas order to the Supreme Court of Appeals of West Virginia, arguing that the circuit court effectively increased his sentence without notice, and violated his double jeopardy rights. Chambers v. Ballard, No. 11-1082, 2012 WL 2988791 at *1 (W. Va. March 12, 2012) (unpublished memorandum

---

[2] However, in its initial finding of fact, the habeas court correctly noted that,

> The petitioner was sentenced as follows:
>
> Count 1, not less than one (1) but not more than five (5) years;
>
> Count 2, not less than ten (10) but not more than twenty (20) years;
>
> Count 3, not less than one (1) but not more than five (5) years;
>
> Count 4, not less than ten (10) but not more than twenty (20) years.
>
> The Court ordered Counts 1 and 2 run concurrently and Counts 3 and 4 run concurrently. In effect, the Court sentenced the petitioner to a sentence of not less than twenty (20) but not more than forty (40) years in the penitentiary." (Dkt. No. 26-9 at 3; see Dkt. No. 26-4 (sentencing order stating same).

decision). The court concluded that such an order was well within the habeas court's power under W. Va. R. Crim. Pro. 36, which states that "[c]lerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." Further, the court found that

> the order running all sentences concurrently was clearly in error, as petitioner had not even challenged the length of his sentence, either in his direct appeal or in his habeas petition. Therefore, the proper procedure was for the circuit court to correct its error pursuant to Rule 36 upon discovery of said error.

Chambers, 2012 WL 2988791 at *2.

In his objection, Chambers argues that the Supreme Court of Appeals erroneously applied the West Virginia Rules of Criminal Procedure, rather than the West Virginia Rules of Civil Procedure, when it affirmed the habeas court's amended order. He also argues that, under Syl. pts. 1 - 5 of Ex Parte Coon, 94 S.E. 957 (W. Va. 1918), he was entitled to notice prior to entry of the order. He also objects to the magistrate judge's conclusion that he failed to offer any clearly established federal law, as determined by the United States Supreme Court, which establishes that the entry of the order violated his constitutional rights.

Because Chambers moves under 28 U.S.C. § 2254, the Court may not grant his petition unless the state court's decision "was

contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," id. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceedings." Id.; Knowles v. Mirzayance, 556 U.S. 111 (2009). Further, § 2254 unambiguously provides that "it is only noncompliance with federal law that renders a State's criminal judgment susceptible to collateral attack in the federal courts." Wilson v. Corcoran, 131 S.Ct. 13, 16 (2010) (per curiam) (emphasis in original). With that high bar in mind, the Court turns to the substance of Chambers' objection.

Chambers' first argument – that the Supreme Court of Appeals erred by applying the West Virginia Rules of Criminal Procedure, rather than the West Virginia Rules of Civil Procedure – cannot be considered under § 2254 because it is a matter of state law, not federal.[3] Moreover, even if the Court could properly address this argument, Chambers has not identified which federal law, as determined by the Supreme Court of the United States, the Supreme Court of Appeals' decision allegedly contradicts. Furthermore, the Supreme Court of Appeals found that the state habeas court's "order running all sentences concurrently was clearly in error," a factual conclusion that is not clearly unreasonable in light of the habeas

---

[3]  Notably, W. Va. R. Civ. Pro. 60 enables a court to correct clerical mistakes in judgments, orders, or other parts of the record at any time.

court's correct recitation of the sentence elsewhere in the order, and the fact that Chambers "had not even challenged the length of his sentence." Chambers, 2012 WL 2988791. In short, Chambers has not satisfied the stringent standard of review under 28 U.S.C. § 2254(d)(1).

Chambers' second argument – that, under Syl. pts. 1 - 5 of Ex Parte Coon, he was entitled to notice prior to entry of the nunc pro tunc order – is yet another issue of state law that the Court may not address via a § 2254 petition. Moreover, as the magistrate judge observed, the United States Supreme Court has not addressed the sort of notice required by Fed. R. Crim. Pro. 36, an analog of W. Va. R. Crim. Pro. 36, and Chambers cannot, therefore, identify a federal law, as determined by the Supreme Court of the United States, that the Supreme Court of Appeals' decision contradicts. The Court rejects Chambers' third argument for the same reason.

In sum, Chambers offers only state law grounds, which this Court may not address, or federal grounds, which do not satisfy the stringent standard of § 2254(d)(1), to support his claim for habeas relief.

**C.**

The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.

6

1982). A failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). In the absence of a specific objection, the Court will only review the magistrate judge's conclusions for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).[4]

Chambers has not specifically objected to the remainder of the opinion and R&R, wherein the magistrate judge recommends dismissal with prejudice of the thirteen other grounds for relief advanced in the pending petition. After reviewing those recommendations for clear error, the Court finds none.

**D.**

For the reasons stated above, the Court:

- **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 39);

- **DENIES** the § 2254 petition (dkt. no 1) **WITH PREJUDICE;**

- **DENIES AS MOOT** the plaintiff's Motion For Counsel To Be Appointed (dkt. no. 35); and

- **ORDERS** that this case be stricken from the Court's docket.

---

[4] The R&R specifically warned Chambers that his failure to file written objections to the recommendation, which identified specific portions of the R&R to which he objected and stated the basis for such objections, would result in the waiver of any appellate rights he might otherwise have on this issue.

It is so **ORDERED**.

Because Chambers does not raise a debatable constitutional issue, the Court **DECLINES** to issue a certificate of appealability. Rule 11, Rules Governing §§ 2254 and 2255 Proceedings.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of both orders to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: February 12, 2013.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE